UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VICKIE WAUGH, formerly known as VICKIE MAYS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE WILLIAMS COMPANIES, INC., )<br>LONG-TERM DISABILITY PLAN, )<br>)<br>)<br>Defendant. ) | Case No. 07-CV-0446-CVE-SAJ |

## OPINION AND ORDER

Now before the Court is the Motion for New Trial Pursuant to FRCP 59(a)(1)(B) and (a)(2) filed by plaintiff on July 7, 2008. On June 27, 2008, this Court affirmed defendant's denial of plaintiff's request for long-term disability benefits under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1101 et seq. ("ERISA"), and entered judgment in defendant's favor. See Dkt. ## 34, 35. Although no trial was held, plaintiff now requests a new trial pursuant to Fed. R. Civ. P. 59(a)(1)(B) to "allow the parties to rebrief this action based upon a recent decision by the United States Supreme Court," namely, Metropolitan Life Insurance Co. v. Glenn, 128 S. Ct. 2343 (2008). Dkt. # 36, at 4. In the alternative, plaintiff moves this Court pursuant to Fed. R. Civ. P. 59(a)(2) to reconsider its ruling in light of Glenn. Id. Plaintiff essentially argues that this Court must review the entire history of Glenn, from the district court forward, to obtain a proper understanding of the Supreme Court's decision. This Court notes at the outset, however, that it explicitly discussed Glenn in its June 27, 2008 Order. See Dkt. # 34, at 18. Moreover, neither party

requested supplemental briefing on Glenn, which the Supreme Court published eight days before this Court's Opinion and Order.

There is no right to a jury trial under ERISA. Adams v. Cyprus Amax Minerals Co., 149 F.3d 1156, 1161 (10th Cir. 1998). Actions brought pursuant to ERISA are equitable in nature, id., and proceed by review of the administrative record. To the extent that review is considered a nonjury trial, Rule 59(a)(1)(B) provides that a court may, on motion by any party, grant a new trial on all or some of the issues after a nonjury trial, "for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court." Subsection (a)(2) states that "[a]fter a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment." Fed. R. Civ. P. 59(a)(2). Such a motion must be filed within ten days of judgment. Fed. R. Civ. P. 59(b). The Tenth Circuit has held that "[m]otions of this nature are addressed to the sound discretion of the trial court . . . ." Bickford v. John E. Mitchell Co., 595 F.2d 540, 543 (10th Cir. 1979); see Greenwood Explorations, Ltd. v. Merit Gas & Oil Corp., 837 F.2d 423, 426 (10th Cir. 1988) (finding that a Rule 59 motion is subject to essentially the same standards as a motion under Fed. R. Civ. P. 60(b), for "[i]ts grant or denial is in the trial court's discretion."). The purpose of a Rule 59(a)(2) motion "is to correct manifest errors of law or fact, or, in some limited situations, to present newly discovered evidence." Lyons v. Jefferson Bank & Trust, 793 F. Supp. 989, 991 (D. Colo. 1992). The purpose is not "to introduce new evidence that was

2

available at the time of trial but was not proffered, to advance new theories, or to secure a rehearing on the merits."[1]  Id.

Here, plaintiff argues that this Court failed to recognize Glenn's full meaning.  See Dkt. # 36, at 4 ("Counsel for plaintiff believes that [] [Glenn] goes much further than simply addressing [a dual-role conflict as a factor].").  Plaintiff argues that Glenn substitutes "all of the artificial rules of evidence heretofore applied in ERISA claims review litigation for a much fairer no-nonsense review of the record as a whole."  Id. at 4.  The majority of plaintiff's briefing recapitulates the (preceding and nonbinding) Sixth Circuit and district court decisions that led to the Supreme Court's determination in Glenn.

This Court finds that plaintiff's motion fails for two reasons.  First, plaintiff concedes in her brief that this Court explicitly discussed Glenn in its June 27, 2008 Opinion and Order.  Dkt. # 36, at 4.  If this Court believed that Glenn radically changed the standard of review courts were to apply in ERISA cases – logically – it would have included such a holding in its decision.  Plaintiff may not employ Rule 59 as a means of asserting arguments necessarily subsumed in this Court's (previous) analysis of Glenn.  Second, plaintiff concedes that she "too easily admitted that no conflict of interest existed in this case."  Id. at 18.  Hence, it is fallacious for plaintiff now to argue that Glenn fundamentally changes the applicable standard of review when the Supreme Court's analysis in Glenn hinged on a key factor – i.e., a dual role conflict – that indisputably is absent here.

---

[1]  It should be noted that uncertainty exists as to whether Rule 59(a), in fact, applies in this instance.  This issue is of no import to the analysis, however, as Rules 59(a) and 59(e) entail virtually the same standard of review.  The Tenth Circuit has held that "[g]rounds warranting a motion to reconsider [under Rule 59(e)] include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."  Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000).

In sum, plaintiff is not seeking to correct manifest errors of law or fact or to present newly discovered evidence, but instead is attempting to advance arguments she could have readily asserted before.[2] This Court concludes, therefore, that plaintiff's requests for a new trial and reconsideration under Rule 59(a) are without merit and should be denied.

**IT IS THEREFORE ORDERED** that the Motion for New Trial Pursuant to FRCP 59(a)(1)(B) and (a)(2) (Dkt. # 36) is **denied**.

**DATED** this 12th day of August, 2008.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[2] Arguably, plaintiff's counsel was aware or should have been aware of the Supreme Court's granting of certiorari in <u>Glenn</u>. Nevertheless, plaintiff failed to cite the Sixth Circuit's decision or to request supplemental briefing.